UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

AUG 12 2013

CLERK, US DISTRICT COURT
NORFOLK, VA

GILBERT BYNUM,

        Plaintiff,

v.                                   ACTION NO: 2:13cv373

NORFOLK SOUTHERN RAILWAY COMPANY,

        Defendant.

### REMAND ORDER

This matter comes before the court on two motions, both of which were filed on July 15, 2013: 1) the Plaintiff's Motion to Remand; and 2) the Defendant's Motion to Dismiss for Lack of Jurisdiction, which was filed pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the court **GRANTS** the Plaintiff's Motion to Remand. The Defendant's Motion to Dismiss is, therefore, **MOOT**.

#### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2010, the Plaintiff, Gilbert Bynum ("Bynum"), was employed by the Defendant, Norfolk Southern Railway Company ("Norfolk Southern"), as a control operator and brakeman at Lambert's Point Coal Terminal, located on the Elizabeth River in Norfolk, Virginia. Compl. ¶¶ 4, 6. Lambert's Point Coal Terminal is a facility created for the sole purpose of loading coal from railroad cars onto ocean-bound vessels. Mem. Opp. Mot. Remand, Aff. Joseph Wolsh ("Wolsh Aff.") ¶ 2. As

a brakeman, Bynum's job was to release the brakes on loaded coal cars in the Barney Yard,[1] causing them to roll downhill into a rotary dumper. Aff. Gilbert Bynum ("Bynum Aff.") ¶ 10; Wolsh Aff. ¶ 4. The rotary dumper then "rotate[s] the coal car 180 degrees and dump[s] the coal onto conveyors, which move the coal onto [the pier] for deposit into the holds of coal ships." Wolsh Aff. ¶ 4.

On November 22, 2010, Bynum was working at Lambert's Point Coal Terminal and was injured while walking to recover a working radio transmitter, at which time "he tripped and fell on coal dust and debris that had been allowed to accumulate between and aside the railroad tracks." Compl. ¶ 8. Following his injury, Bynum applied for and received benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 et seq. Wolsh Aff. ¶¶ 7, 8; Mem. Supp. Mot. Remand at 2.

On May 29, 2013, Bynum commenced an action in the Circuit Court for the City of Norfolk, pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 et. seq., alleging negligence against Norfolk Southern and seeking thirty million dollars in damages. On July 3, 2013, Norfolk Southern removed the case to federal court. On July 15, 2013, Bynum moved to remand the case to state court, arguing that his claim, which

---

[1] The Barney Yard is the location where loaded coal cars are staged prior to the loading of coal onto a vessel. Mem. Opp. Mot. Remand, Aff. William Austin ("Austin Aff.") ¶ 4.

2

was filed in state court under FELA, could not be removed to federal court. Mem. Supp. Mot. Remand at 1 (citing 28 U.S.C. § 1445(a)). Norfolk Southern responded to the Motion to Remand on July 24, 2013. Bynum did not reply to Norfolk Southern's response, and the time for him to do so has now lapsed.

On July 15, 2013, Norfolk Southern moved to dismiss Bynum's claim for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. According to Norfolk Southern, the court lacks subject matter jurisdiction over Bynum's claim because Bynum was engaged in maritime employment at the time of his injury, and therefore the LHWCA provides his exclusive remedy. As federal district courts do not have jurisdiction over LHWCA claims, which must be filed with the Department of Labor, Norfolk Southern contends that Bynum's claim must be dismissed. Bynum responded on July 18, 2013, to which Norfolk Southern replied on July 24, 2013. Both the Motion to Remand and the Motion to Dismiss are now ripe for review.[2]

---

[2] On July 18, 2013, Bynum requested a hearing on his Motion to Remand, and Norfolk Southern requested a hearing on its Motion to Dismiss. After full examination of the briefs and the record, the court has determined that hearings on these motions are unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. See Fed. R. Civ. P. 78(b); Local Civ. R. 7(J).

3

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a state court over which a federal district court has jurisdiction may be removed, "[e]xcept as otherwise expressly provided by Act of Congress." (Emphasis added). Section 1445(a) prohibits the removal of a civil action arising under FELA, which is filed in state court against a railroad. See Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 434 (1965) ("Congress, in . . . prohibiting removal of FELA cases to federal courts, has sought to protect the plaintiff's right to bring an FELA action in a state court.").

Here, Bynum's Complaint alleges a cause of action under FELA. Because he brought his claim in state court, 28 U.S.C § 1445(a) prohibits its removal, and the claim must be remanded to state court. In an attempt to circumvent this straightforward application of 28 U.S.C. § 1445(a)'s anti-removal provision, Norfolk Southern asks the court to recharacterize Bynum's claim as one that arises under the LHWCA, rather than FELA. Because federal district courts do not have jurisdiction over LHWCA claims, however, Norfolk Southern argues that the court's "removal jurisdiction is invoked solely to address the 'threshold question' of whether Bynum is covered by the LHWCA." Mem. Opp. Mot. Remand at 2 (citing CSX Transp. Inc. v. Shives, 151 F.3d 164 (4th Cir. 1998)).

4

Norfolk Southern's reliance on Shives is misplaced. The central issue in Shives was whether, at the time of his injury, the plaintiff-employee was engaged in maritime employment such that he was covered by the LHWCA, rather than FELA. 151 F.3d at 168. The Fourth Circuit held that this narrow coverage issue should be decided in federal court, not state court. Id. at 171.

In contrast, the issue in the instant case is whether, where the plaintiff has already received LHWCA benefits, the exclusivity provisions of the LHWCA bar further recovery under FELA. Mot. Remand at 1; Mem. Opp. Mot. Dismiss at 2. Indeed, Bynum acknowledges that he "has already received benefits under the LHWCA and his claim for federal workers' compensation benefits is properly before the Department of Labor." Mem. Supp. Mot. Remand at 2.

Recovery in this case hinges not on the coverage question contemplated in Shives, but rather on the merits of Bynum's novel legal argument that an exception to LHCWA's exclusivity provision should apply to his claim. See Mem. Opp. Mot. Dismiss at 2-3 (citing 33 U.S.C. § 905(b); Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523 (1981)). Although the exclusivity provisions of LHWCA may be a defense to Bynum's FELA claim, that defense does not make Bynum's action removable to this court. This action is, therefore, **REMANDED** to the state court from which it was removed.

5

The Clerk is **DIRECTED** to forward a copy of this Remand Order to counsel for the parties and to effect the remand to state court.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

August 12, 2013