IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION
Civil Action No.: 2:13-cv-00373

| | |
|---|---|
| **GILBERT BYNUM,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | **Notice of Appeal** |
| ) | |
| **NORFOLK SOUTHERN RAILWAY** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Defendant, Norfolk Southern Railway Company ("Norfolk Southern"), by and through its attorneys, appeals to the United States Court of Appeals for the Fourth Circuit the Order entered August 12, 2013, granting the Plaintiff's Motion to Remand and remanding this action to the Circuit Court for the City of Norfolk, Commonwealth of Virginia, based on the bar to removal of Federal Employers' Liability Act ("FELA") cases found in 28 U.S.C. § 1445(a). By virtue of this decision, the Court found the Defendant's Motion to Dismiss moot.

Norfolk Southern intends to request that the Court of Appeals reverse this Court's August 12, 2013 Order and direct this Court to dismiss Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) because his claim is governed by the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, and not by FELA, 45 U.S.C. § 51 *et seq.* See *Shives v. CSX Transportation, Inc.*, 151 F.3d 164, 166 (4th Cir. 1998). Because this Court's remand Order was based on Section 1445(a)'s bar to removal and not on lack of subject

matter jurisdiction or a defect in the removal, 28 U.S.C. § 1447(d) does not preclude the Court of Appeals from reviewing that Order. See *Shives*, 151 F.3d 164; *In re Blackwater Security Consulting, LLC,* 460 F.3d 576 (4th Cir. 2006). Further, even if this Court finds that it cannot review the remand Order itself, Section 1447(d) does not prohibit review of the denial of the Motion to Dismiss if this Court determines that that ruling is a collateral decision that is severable from the remand Order. See *In re Blackwater Security Consulting, LLC*, 460 F.3d at 583; *City of Waco v. U.S. Fid. & Guar. Co.*, 293 U.S. 140, 143, 55 S.Ct. 6, 79 L.Ed. 244 (1934) (holding § 1447(d) not applicable to the portion of a remand order that dismissed a cross-claim because the dismissal "…in logic and in fact . . . preceded [the order] of remand and was made by the District Court while it had control of the cause . . . [A]nd, if not reversed or set aside, [the dismissal] is conclusive upon the petitioner").

Respectfully submitted,

NORFOLK SOUTHERN RAILWAY COMPANY

By: _____/s/ Daniel R. Warman_____

Daniel R. Warman, Esq. (VSB #13340)
Danielle M. Kruer, Esq. (VSB #77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA 23510
Tel: (757) 625-1192
Fax: (757) 625-1475
danwarman@aol.com
*Counsel for Norfolk Southern Railway Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF filing system, which will then send a notification of such filing (NEF) to the following:

William D. Breit, Esquire
Serious Injury Law Center, PLLC
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
Telephone: (757) 456-0333
Fax: (757) 456-0002
bbreit@seriousinjurylawcenter.com
*Counsel for the Plaintiff*

Steven M. Legum, Esq.
Goldblatt, Cohen & Legume, P.C.
555 E. Main Street, Suite 1102
Norfolk, VA 23510
Telephone: (757) 627-6225
Fax: (757) 622-3698
melodie@gcl.hrcoxmail.com
*Counsel for the Plaintiff*

/s/ Daniel R. Warman

Daniel R. Warman, Esq. (VSB #13340)
Danielle M. Kruer, Esq. (VSB #77916)
VENTKER & WARMAN, PLLC
101 W. Main Street, Suite 810
Norfolk, VA 23510
Tel: (757) 625-1192
Fax: (757) 625-1475
danwarman@aol.com
*Counsel for Norfolk Southern Railway Company*